# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 698 | **DATE** | 4/22/2003 |
| **CASE TITLE** | In Re: KMART Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The policy of finality underlying Section 363(m) and common sense leads us to conclude that the reversal of the Bankruptcy Court's Assignment Order and Lift Stay Order will affect the validity of the Debtors' sale and assignment of the lease to the Assignee. Accordingly, Ramco's appeal, absent a stay, is moot. For the foregoing reasons, this Court grants Debtor's motion to dismiss (3-1) Ramco's appeal as moot. In court hearing set for 4/24/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | APR 23 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 4/22/2003 | | |
| | | | date mailed notice | | |
| GL | courtroom deputy's initials | | GL | | |
| | | | mailing deputy initials | | |

Date/time received in central Clerk's Office

| | ) | |
|---|---|---|
| In re: KMART CORPORATION, et al., | ) | |
| | ) | Case No. 03 C 698 |
| Debtors. | ) | |
| | ) | |

DOCKETED

APR 2 3 2003

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

The matter before this Court concerns a dispute over the decision of Kmart Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in possession (collectively, the "Debtors"), pursuant to Sections 363 and 365 of the Bankruptcy Code, to sell, assume and assign the lease for Kmart Store No. 9569, located at Conyers Crossing in Conyers, Georgia, to Burlington Coat Factory Warehouse of Conyers, Inc. (the "Assignee"), a subsidiary of subsidiary of Burlington Coat Factory Warehouse Corporation. On December 11, 2002, the Bankruptcy Court approved the assignment of the lease (the "Assignment Order") and reaffirmed its October 30, 2002 decision prohibiting enforcement of a lease provision that allowed the landlord, Ramco-Gershenson, Inc. ("Ramco"), to terminate the lease if Kmart discontinued operations at the store (the "Lift Stay Order"). Ramco is appealing both orders. Presently before us is the motion of Debtors to dismiss the appeal of Ramco as moot. For the reasons set forth below, we grant Debtors' motion.

## I.      PROCEDURAL HISTORY

On January 22, 2002, the Debtors filed voluntary Chapter 11 petitions in Bankruptcy Court for reorganization relief under the Bankruptcy Code, 11 U.S.C. §101 *et seq.* The Debtors continue to operate their businesses as debtors-in-possession under 11 U.S.C. §§1107(a) and 1108.

Ramco is the managing agent of a publicly held real estate investment trust that owns Conyers Crossing, a 170,000 square foot shopping center located in Conyers, Georgia. On or about January 30, 1978, Ramco's predecessor-in-interest and Kmart's predecessor entered into a lease for approximately 90,000 square feet of space in Conyers Crossing, which Kmart identified as Store No. 9569. Although the original term of the lease expires on March 31, 2004, the tenant has the right extend the lease for up to 50 additional years. Throughout the term of the lease, the annual minimum rent remains fixed at $160,840.00. The tenant must pay an additional percentage of rent annually, based on specified levels of sales by the tenant.

Article 22 of the lease sets forth the tenant's right to freely assign the lease. However, Article 4 of the lease (the "go-dark provision") provides the landlord with a one-time option to terminate the lease, as follows:

> Should the Tenant at any time elect to discontinue the operations of its store, the Tenant shall give to the Landlord notice in writing of its intention so to do and in such event the Landlord shall have one option, to be exercised by notice in writing given to the Tenant within ninety (90) days after the date of mailing of the Tenant's aforesaid notice to the Landlord, to cancel and terminate this lease. If the Landlord exercises its said option, this lease shall cancel and terminate on the last day of the month next following the end of said ninety (90) day period and the Tenant shall be released from any further liability under this lease.

On June 28, 2002, the Bankruptcy Court entered the Order Approving Designation Rights Agreement and Related Relief (the "DRA Order"), approving the sale of the designation rights for 54 of the Debtors' leased properties, including the store located at Conyers Crossing, to a joint venture. Two weeks earlier, Ramco filed a motion to modify the automatic stay (the "Lift Stay Motion"), seeking authority to exercise the go-dark provision of the lease. The Debtors subsequently brought a motion for summary judgment, which the Bankruptcy Court granted in its Lift Stay Order on October 30, 2002, finding that Ramco did not demonstrate cause to modify the automatic stay so that it could terminate the

lease. On August 12, 2002, Debtors filed a motion to sell and assign the lease to the Assignee pursuant to 11 U.S.C. §365, which the Bankruptcy Court granted on December 11, 2002. In addition, the Court's Assignment Order reaffirmed the ruling contained in the Lift Stay Order and found Assignee to be "a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, the transactions contemplated herein are entitled to the full protections of section 363(m)." ¶7.

Pursuant to Bankruptcy Rule 6000(d), the Assignment Order was subject to an automatic ten-day stay to provide Ramco with an opportunity to appeal before the lease was sold and assigned. During that time period, Ramco filed a motion for stay pending appeal of the Assignment Order and the Lift Stay Order of the Bankruptcy Court. The Bankruptcy Court denied Ramco's motion on December 19, 2002. Ramco sought a similar stay from this Court, which we denied on December 23, 2002. We also denied Ramco's request for a stay pending further appeal to the Seventh Circuit.

On the morning of December 24, 2002, the sale of the lease was closed and the lease was assigned to the Assignee. At that same time, Ramco filed a request for an interim stay pending the Seventh Circuit's decision on its motion for stay pending appeal. The Seventh Circuit granted Ramco's request on December 24, 2002, *after* the lease had been sold and assigned to the Assignee. On January 21, 2003, the Seventh Circuit denied Ramco's emergency motion for a stay pending appeal and vacated the interim stay. Ramco filed its appeal of the Bankruptcy Court's Assignment Order and Lift Stay Order before this Court on February 14, 2003.

## II. **ANALYSIS**

Debtors contend that Ramco's appeal is moot because the sale and assignment of the lease is protected from reversal or modification under 11 U.S.C. §363(m) in light of Ramco's failure to obtain a stay pending appeal. We agree. Section 363(m) provides:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Although this jurisdiction has not yet directly addressed the issue, courts in a number of other jurisdictions have found Section 363(m) to apply to sales of executory contracts and leases under Section 365, just as it does to sales of other estate property. *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 300 (3d Cir. 2000) (holding that Section 363(m) applies to lease assignments under Section 365 because Section 541 broadly defines property of the estate to include all interests in property, including leases); *In re Adamson Co.*, 159 F.3d 896, 898 (4th Cir. 1998) (same); *In re Stadium Mgmt. Corp.*, 895 F.2d 845, 849 (1st Cir. 1990) (same); *In re Exennium Inc.*, 715 F.2d 1401, 1404 (9th Cir. 1983) (same); *see also Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 497 (3d Cir. 1998) (Section 363(m) applies to appeals of sales executory contracts under Section 365).

The purpose of Section 363(m) is twofold. *See In re CGI Indus., Inc.*, 27 F.3d 296, 299 (7th Cir. 1994). First, Section 363(m) encourages finality in bankruptcy sales and assignment transactions by protecting purchasers from modifications to "the terms of the sale on which [the assignee] relied." *FDIC v. Meyer*, 781 F.2d 1260, 1265 (7th Cir. 1986); *see also In re Rickel Home Ctrs., Inc.*, 209 F.3d at 303-04. Indeed, the Section is "essential in bankruptcy cases, for without such protection for good faith purchasers, few if any, persons would participate in federal bankruptcy sales." *In re Andy Frain Servs., Inc.*, 798 F.2d 1113, 1125 (7th Cir. 1986). Second, Section 363(m) emphasizes a court's general jurisdictional bar from determining cases in which it cannot provide any effective remedy. *See, e.g., Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 132-33, 40 L.Ed. 293 (1895) (stating that a federal court is without authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."). Thus, as the

Seventh Circuit recognizes, the sale of a property to a good faith purchases not only "moots the appeal of the judgment ordering the sale" but also "any arguments [appellant] makes with regard to the property are moot." *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368-69 (7th Cir. 1991).

The Assignment Order makes clear that Assignee is "a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, the transactions contemplated herein are entitled to the full protections of section 363(m)." ¶7. The parties do not dispute that Assignee is a good faith purchaser. The parties similarly do not contest that there was no stay pending appeal in effect on December 24 when the lease was assigned. As a result, any appeal of the Assignment Order and the Lift Stay Order are moot. Ramco nonetheless asserts that it is not challenging the sale and assignment of the lease to the Assignee, but rather is questioning the Bankruptcy Court's authority to excise the go-dark provision in the lease. Ramco argues that Section 363(m) does not apply to such an appeal. We disagree.

Ramco cites to *Church of Scientology v. United States*, 506 U.S. 9, 113 S. Ct. 447, 121 L.Ed.2d 313 (1992), in support of its proposition that its appeal is not moot because this Court can provide Ramco with a meaningful form of relief. In *Church of Scientology*, the Court held that the church's appeal of a lower court order requiring it to produce tape recordings to the IRS was not moot because a lower court could provide a partial remedy by ordering the government to destroy or return the tapes. *See id.* at 12-13, 449-50. Unlike *Church of Scientology*, however, this case involves a statutory provision that ensures the finality of the lower court's decision and protects the interests of third parties relying on that decision. *See In re CGI Indus., Inc.*, 27 F.3d at 299; *see also Meyer*, 781 F.2d at 1265; *In re Rickel Home Ctrs., Inc.*, 209 F.3d at 303-04.[1]

---

[1] In its appeal to this Court, Ramco asks us to reverse the Bankruptcy Court's Assignment Order and Lift Stay Order. Only in its response to Debtors' motion to dismiss the appeal does Ramco identify its desire to seek money damages against Kmart for its purported breach of the lease. Ramco has not raised this issue before the Bankruptcy Court. Thus, its demand for monetary damages is not properly before this Court.

Other courts have rejected similar claims of appellants that sought to avoid the scope of Section 363(m) by challenging a bankruptcy court's authority to interpret a lease in a particular manner rather than trying to undo the sale and assignment of that lease. In *Comco Associates & Spa v. Faraldi Food Industries Ltd.*, 170 B.R. 765 (E.D.N.Y. 1994), a debtor sold and assigned its store lease to another retailer. The landlord, Comco, failed to obtain a stay of the sale and assignment, the sale closed and the lease was assigned by a good faith purchaser. Comco appealed the sale and assignment. Like Ramco, Comco claimed that it was "not seeking to undo the sale to challenge the consummated assignment.' *Id.* at 768. Instead, Comco asked the appeals court to consider the bankruptcy court's authority to "modify or abrogate certain provisions" in the lease. *Id.*

The *Comco* court found that Section 363(m) precluded its consideration of Comco's appeal. *See id.* at 770. The court explained "to change terms of the assignment at this time, by reinserting or enforcing certain of the lease provisions . . . would go straight to the heart of the assumption that [the good faith purchaser] would receive exactly what the bankruptcy court ordered. This Court cannot now change the terms of that transaction without throwing into question the validity of the entire transaction." *Id.* Accordingly, the court found Comco's claim to be "without merit," and dismissed its appeal as moot. *Id.*

The First Circuit reached a similar conclusion in *In re Stadium Management Corporation*, 895 F.2d 845 (1st Cir. 1990). The appellant, like Ramco, did not obtain stay of the debtors' assumption and assignment of a sublease to a good faith purchaser. The appellant claimed to only challenge the bankruptcy court's interpretation of provisions in the assigned lease. The First Circuit held that because the bankruptcy court's rulings on those provisions "affect[ed] aspects of the deal of which a purchaser would want to be certain prior to completing the purchase," a reversal of the bankruptcy court's decision

would affect the validity of the sale. *Id.* at 848. The court consequently found that it was "powerless to undo the sale" under Section 363(m) and dismissed the appeal as moot. *Id.* at 849.

Ramco errantly relies on the Third Circuit's decision in *In re Joshua Slocum Ltd.*, 922 F.2d 1081 (3d Cir. 1990), to support its contention that we can reverse an order related to the lease if it is not challenging the assignment itself.[2] In *Joshua Slocum*, the bankruptcy court struck a lease provision that restricted the assignment, and approved the debtor's assignment of the lease without the provision. The Third Circuit held that the landlord's appeal was not moot because the appeal was limited to the bankruptcy court's excision of the provision. *See id.* at 1086. Unlike the present case, however, the parties in *Joshua Slocum* agreed that Section 363(m) *did not* apply to the assignment because there was no related sale of the lease. *See id.* at 1085. The parties in this case have not reached such an agreement. To the contrary, the Bankruptcy Court explicitly found the Assignee to be a good faith purchaser entitled to the protections of Section 363(m). *See* Assignment Order at ¶7.

Significantly, since deciding *Joshua Slocum*, the Third Circuit has held that where, as here, the parties have not agreed that Section 363(m) is inapplicable, and evidence exists that a good faith purchaser relied on a bankruptcy court order regarding a lease, an appeal of that order is moot. *See In re Rickel Home Centers, Inc.*, 209 F.3d 291, 303-06 (3d Cir. 2000). In *Rickel Home Centers*, the landlord challenged the sale and assignment of a retail lease absent a use provision the bankruptcy court had excised as anti-assignment. The parties did not concur that Section 363(m) did not apply. To the contrary, the court authorized the sale of the lease pursuant to that provision. Furthermore, evidence existed that the good faith purchaser relied on the court's authorization. The *Rickel* court concluded that

---

[2]Ramco also relies on *In re Schraiber*, 132 B.R. 129 (N.D.Ill. 1991), where, on appeal, the court determined that the proceeds of a sale should be distributed differently. The court held that the appeal was not moot under Section 363(m) because the appeal did not implicate the rights of the buyer. *See id.* at 131-32. Thus, *In re Shcraiber* is inapposite to the instant case.

because reversal of the bankruptcy court's decision would affect the validity of the transaction between the debtor and the good faith purchaser, the landlord's appeal was moot. *See id.* at 306.

In this case, the parties do not agree that Section 363(m) is inapplicable. Moreover, the Assignment Order expressly finds that the Assignee is a good faith purchaser entitled to the protections of Section 363(m). ¶7. Indeed, the Assignment Order states that Ramco cannot enforce the termination provision in a manner that prevents assignment to the Assignee. ¶13. The policy of finality underlying Section 363(m) and common sense leads us to conclude that the reversal of the Bankruptcy Court's Assignment Order and Lift Stay Order will affect the validity of the Debtors' sale and assignment of the lease to the Assignee. Accordingly, Ramco's appeal, absent a stay, is moot.

## III.    CONCLUSION

For the foregoing reasons, this Court grants Debtors' motion to dismiss Ramco's appeal as moot. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated __4/22/03__

8